IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LASHONETTE SLICHENMYER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-03333-CV-S-BP |
| | ) | |
| **JP MORGAN CHASE & CO.**, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF DEFENDANT
### CASTLE LAW OFFICE OF KANSAS CITY, P.C.'S MOTION TO DISMISS

**COMES NOW** Defendant Castle Law Office of Kansas City, P.C., and for its Reply in Support of Defendant Castle Law Office of Kansas City, P.C.'s Motion to Dismiss states as follows:

1. Defendant Castle Law Office of Kansas City, P.C. (hereinafter "Defendant") filed a Motion to Dismiss in this matter on September 3, 2014.

2. Under Local Rule 7.0(d) Plaintiff was obligated to respond to the motion within 14 days.

3. Plaintiff did not file a response to the motion within 14 days. As a result, on September 30, 2014, the Court ordered the Plaintiff to show cause as to why Defendant's motion should not be granted.

4. On October 6, 2014, Plaintiff filed a response in which she reiterated her contention that Defendant provided her with bad legal advice. However, in this response Plaintiff did not provide any reason for her failure to respond to Plaintiff's Motion to Dismiss, and did not address the insufficiencies of her complaint.

5. Under Fed. R. Civ. P. 6(b)(1)(B) Plaintiff may only be granted an extension of time to respond to the Motion to Dismiss by demonstrating "excusable neglect."

6. In <u>Bennett v. Dr. Pepper/Seven Up, Inc.</u>, 295 F.3d 805 (8th Cir. 2002) the 8th Circuit Court of Appeals considered a pro se litigant's claim of excusable neglect. In that case the pro se plaintiff failed to file a response to a summary judgment motion within 20 days, as required by local rule. <u>Bennett</u>, 295 F.3d at 807. The court entered judgment for the defendant after the plaintiff failed to file a timely response. <u>Id</u>. The plaintiff sought relief from the court's summary judgment order, claiming that his failure to respond was due to excusable neglect. <u>Id</u>.

7. The 8th Circuit rejected this claim. It noted that the plaintiff was "educated," "reasonably articulate," and "not incarcerated or otherwise unable to avail himself of the information he needed." <u>Bennett</u>, 295 F.3d at 808. It noted that the "local rule requiring a response to a summary judgment motion within twenty days was clear." <u>Id</u>. It further noted that the plaintiff's "pro se status did not entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case." <u>Id</u>., citing <u>Carman v. Treat</u>, 7 F.3d 1379, 1381 (8th Cir. 1993).

8. Here, as in <u>Bennett</u>, the pro se plaintiff appears to be educated and reasonably articulate. For example, the Plaintiff in this case filed pleadings to proceed *in forma pauperis,* researched the defendants on the internet and attached purported evidentiary materials to her pro se complaint. The plaintiff also appears to have filed numerous pro se pleadings in both state and federal court in the past. (<u>See</u> Exhibits A, B, C). In addition, Local Rule 7.0(d) is as clear and unambiguous as the local rule

discussed in Bennett.  Under these circumstances, the Plaintiff's failure to research local rules and follow the Federal Rules of Civil Procedure is not excusable.

9. In addition, the Plaintiff should not be afforded special treatment in this case because the Plaintiff initiated this lawsuit.  While a pro se defendant who has been hauled into court involuntarily may be entitled to greater latitude in compliance with the Rules of Civil Procedure, a Plaintiff who voluntarily chooses to initiate a lawsuit without the assistance of counsel should not be granted such deference.

10. The Plaintiff has not demonstrated excusable neglect in her failure to respond to Defendant's Motion to Dismiss, has not refuted the arguments in the motion and has not shown good cause for the Court to deny the motion.  Accordingly the Motion may be granted as unopposed.

**WHEREFORE** Defendant Castle Law Office of Kansas City, P.C. moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

CASTLE LAW OFFICE of KANSAS CITY, P.C.

/s/ Andrew Schendel
Andrew C. Schendel, #61186
811 Grand Blvd, Suite 101
Kansas City, Missouri 64106
(816) 283-0303 phone
(816) 842-0016 facsimile
aschendel@castlelaw-kc.com
ATTORNEY FOR DEFENDANT CASTLE LAW OFFICE OF KANSAS CITY, P.C.

**Certificate of Service**

I certify that the foregoing was sent via first class mail on October 7, 2014 to:

Lashonette Slichenmyer
214 E. Armour Blvd., Apt. 712
Kansas City, MO 64111

Lashonette Slichenmyer
319 West Gay Street
El Dorado Springs, MO 64744

/s/ Andrew Schendel